UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MIRIAM TELLO,

                    Plaintiff,

   -against-

THE DELGADO TRAVEL AGENCY, INC., and
CASA DE CAMBIO DELGADO, INC.,

                    Defendants.
---------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**Plaintiff Requests Trial by Jury**

**ECF case**

07 civ 9613

Judge

Magistrate Judge

Plaintiff **MIRIAM TELLO,** ("Tello") alleges that:

# FIRST CLAIM
**(Unpaid overtime wages in violation of the Fair Labor Standards Act)**

1. The jurisdiction of this court is conferred because of the presence of:

   (a) a federal question pursuant to 28 U.S.C. §§ 1331, 1337 and 1343 arising from claims based upon the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* (first claim); and

   (b) the presence of a common nucleus of operative fact such that a single case or controversy is present for supplemental jurisdiction (second and third claims), pursuant to 28 U.S.C. §1367.

2. The venue of this action is properly placed in the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because, upon information and belief, Casa de Cambio Delgado, Inc. and Delgado Travel Agency, Inc., are duly incorporated in New York and maintain offices doing business in the Southern District of New York.

3. Upon information and belief, Delgado Travel and Casa de Cambio are duly incorporated in New York or otherwise authorized to do business in New York.

4. Upon information and belief, Delgado Travel is a travel agency that employs in excess of two hundred people with offices in more approximately 31 locations in the New York City Metropolitan area.

5. Upon information and belief, Casa de Cambio is a subsidiary corporation of Delgado Travel located within the physical facilities of Delgado Travel and engaged in the business of money transfer services.

6. Upon information and belief, Casa de Cambio's operations have been combined with Delgado Travel's operations, and all employees of both corporations are employed solely by Delgado Travel.

7. The President and sole shareholder of both Delgado Travel and Casa de Cambio (collectively hereinafter "Delgado Travel") is Hector Delgado ("Delgado").

8. Delgado is a resident of the State of New York.

9. The Vice Presidents of Delgado Travel are Delgado's two daughters- Linda Delgado ("Linda") and Jeanette Delgado-Savino ("Jeanette").

**Collective action pursuant to the FLSA, 29 U.S.C. 216(b)**

10. Tello brings this claim as a collective action on behalf of herself and all employees of Delgado Travel who were not compensated for wages earned in violation of the FLSA and New York Labor Law (the "class") during the period from October 15, 2001 to the date of this complaint (the "relevant period").

11. This claim is properly brought and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b).

12. Tello is similarly situated to other potential members of the class because Tello and the remaining potential members of the class were all employees of Delgado Travel who suffered from the same common policies or plans of Delgado Travel which denied employees the compensation to which they are entitled under the FLSA and New York Labor Law.

**Tello's employment at Delgado Travel**

13. Tello was employed by Delgado Travel from approximately September 1998 to December 31, 2005. (Tello's "period of employment").

14. For approximately the first year of her period of employment, Tello worked at Delgado Travel's 37-14 Broadway, Astoria, NY office (the "Astoria office") as a cashier.

15. During approximately the next three years of her period of employment, Tello worked at Delgado Travel's 40-05 104th Street, Corona, NY office (the "104th Street office") as a cashier.

16. During approximately the final three years of her period of employment, Tello worked at Delgado Travel's 84-24 Roosevelt Avenue, Jackson Heights, NY office (the "84th Street office")—first as a cashier and later as a manager.

17. When Delgado Travel first hired Tello, Tello was told that she would work 60 hours per week, but she was not told the amount of her compensation.

18. Tello's first paycheck stubs verified that she was being compensated $360.50 per week.

19. Tello received raises from time to time—increasing her weekly salary to $694.40 by the end of her period of employment.

20.    During the relevant period, Tello received the following weekly salaries for approximately the following pay periods:

    (a)    $528.50 from the beginning of the relevant period to April 14, 2002.

    (b)    $589.40 from April 15, 2002 to October 20, 2002.

    (c)    $599.90 from October 21, 2002 to August 24, 2003.

    (d)    $630.00 from August 25, 2003 to January 24, 2004.

    (e)    $649.60 from January 25, 2004 to March 13, 2005.

    (f)    $694.40 from March 14, 2005 to December 31, 2005.

21.    Thus, Tello's regular rates of hourly pay during the relevant period were as follows:

    (a)    $8.81 per hour from the beginning of the relevant period to April 14, 2002.

    (b)    $9.82 per hour from April 15, 2002 to October 20, 2002.

    (c)    $9.99 per hour from October 21, 2002 to August 24, 2003.

    (d)    $10.50 per hour from August 25, 2003 to January 24, 2004.

    (e)    $10.83 per hour from January 25, 2004 to March 13, 2005.

    (f)    $11.57 per hour from March 14, 2005 to December 31, 2005.

22.    However, Delgado Travel divided the weekly salary by 70 (40 hours of regular time plus 1.5 times 20 hours of overtime) to determine Tello's purported hourly rate.

23.    Thus, Delgado Travel purportedly paid Tello based on the following hourly rates during the relevant period:

    (a)    $7.55 per hour from the beginning of the relevant period to April 14, 2002.

    (b)    $8.42 per hour from April 15, 2002 to October 20, 2002.

    (c)    $8.57 per hour from October 21, 2002 to August 24, 2003.

    (d)    $9.00 per hour from August 25, 2003 to January 24, 2004.

    (e)    $9.28 per hour from January 25, 2004 to March 13, 2005.

    (f)    $9.92 per hour from March 14, 2005 to December 31, 2005.

24. During the period of employment, Delgado Travel regularly and repeatedly failed to pay Tello for mandatory early arrival time and nightly and weekly closing activities such as collection, reconciliation, and accounting, and for "travel special" periods when she worked approximately 10 additional hours per week.

25. Throughout her period of employment, Tello actually worked an average of approximately 80.5 hours per week, as follows:

    (a)    Tello worked from approximately 8:15 a.m. to 10:00 p.m., with a 45 minute lunch break (13 hours per day), four weekdays per week.

    (b)    Tello worked from approximately 8:15 a.m. to 8:00 p.m., with no lunch break (11.75 hours per day), on Saturdays and Sundays.

    (c)    During "travel specials," which Delgado Travel held approximately every two weeks, Tello worked approximately 10 additional hours, for an average of 5 additional hours per week.

26. During the period of employment, Tello generally received compensation for 60 hours per week and never received actual overtime premium compensation.

27. Tello never received actual overtime premium compensation for the overtime hours recorded by Delgado Travel (i.e., the hours above 40 and below 61 each week) because Delgado Travel only paid her 60 times her regular rate each week, instead of the required 40 times regular rate plus 20 times one and one half times the regular rate.

28. During the period of employment, Delgado Travel issued Tello inaccurate paycheck stubs each week that misrepresented the number of hours Tello actually worked and falsely represented that she was receiving overtime premium compensation.

**Delgado Travel's violation of law**

29. As is set forth above, Delgado Travel violated the Fair Labor Standards Act 29 U.S.C. §§ 201 *et. seq.*, by failing to pay overtime compensation to Tello for all hours worked.

30. Upon information and belief, Delgado Travel did not pay overtime compensation to Tello for the total amount of hours worked on the instructions of Hector, Linda, and Jeanette Delgado.

31. The conduct of Delgado Travel and of Hector, Linda, and Jeanette Delgado as alleged herein was willful and deliberate towards Tello.

32. By reason of the foregoing, Tello is entitled to compensatory damages for unpaid overtime in the amount of approximately $70,062.44, calculated as follows:

    (a)    $7,042.26 ($8.81 per hour regular rate times 1.5 times 20.5 unpaid overtime hours per week times 26 weeks) for the pay period October 15, 2001 through April 14, 2002.

    (b)    $8,155.82 ($9.82 per hour regular rate times 1.5 times 20.5 unpaid overtime hours per week times 27 weeks) for the pay period April 15, 2002 through October 20, 2002.

    (c)    $13,527.75 ($9.99 per hour regular rate times 1.5 times 20.5 unpaid overtime hours per week times 44 weeks) for the pay period October 21, 2002 through August 24, 2003.

    (d)    $7,103.25 ($10.50 per hour regular rate times 1.5 times 20.5 unpaid overtime hours per week times 22 weeks) for the pay period August 25, 2003 through January 24, 2004.

    (e)    $19,642.28 ($10.83 per hour regular rate times 1.5 times 20.5 unpaid overtime hours per week times 59 weeks) for the pay period January 25, 2004 through March 13, 2005.

      (f)    $14,591.08 ($11.57 per hour regular rate times 1.5 times 20.5 unpaid overtime hours per week times 41 weeks) for the pay period March 14, 2005 through December 31, 2005.

33. In addition, Tello is entitled to compensatory damages for unpaid overtime premiums in the amount of approximately $88,859.68, calculated as follows:

      (a)    $2,290.17 ($8.81 per hour regular rate times .5 times 20 underpaid overtime hours per week times 26 weeks) for the pay period October 15, 2001 through April 14, 2002.

      (b)    $2,652.30 ($9.82 per hour regular rate times .5 times 20 underpaid overtime hours per week times 27 weeks) for the pay period April 15, 2002 through October 20, 2002.

      (c)    $4,399.27 ($9.99 per hour regular rate times .5 times 20 underpaid overtime hours per week times 44 weeks) for the pay period October 21, 2002 through August 24, 2003.

      (d)    $2,310.00 ($10.50 per hour regular rate times .5 times 20 underpaid overtime hours per week times 22 weeks) for the pay period August 25, 2003 through January 24, 2004.

      (e)    $6.387.73 ($10.83 per hour regular rate times .5 times 20 underpaid overtime hours per week times 59 weeks) for the pay period January 25, 2004 through March 13, 2005.

      (f)    $4,745.07 ($11.57 per hour regular rate times .5 times 20 underpaid overtime hours per week times 41 weeks) for the pay period March 14, 2005 through December 31, 2005.

34. Alternatively, if this Court accepts Delgado Travel's calculation of Tello's pay rate, Tello is entitled to compensatory damages in the amount of $60,053.52, calculated as follows:

      (a)    $6,036.23 ($7.55 per hour regular rate times 1.5 times 20.5 unpaid overtime hours per week times 26 weeks) for the pay period October 15, 2001 through April 14, 2002.

      (b)    $6,990.71 ($8.42 per hour regular rate times 1.5 times 20.5 unpaid overtime hours per week times 27 weeks) for the pay period April 15, 2002 through October 20, 2002.

    (c)    $11,595.21 ($8.57 per hour regular rate times 1.5 times 20.5 unpaid overtime hours per week times 44 weeks) for the pay period October 21, 2002 through August 24, 2003.

    (d)    $6,088.50 ($9.00 per hour regular rate times 1.5 times 20.5 unpaid overtime hours per week times 22 weeks) for the pay period August 25, 2003 through January 24, 2004.

    (e)    $16,836.24 ($9.28 per hour regular rate times 1.5 times 20.5 unpaid overtime hours per week times 59 weeks) for the pay period January 25, 2004 through March 13, 2005.

    (f)    $12,506.64 ($9.92 per hour regular rate times 1.5 times 20.5 unpaid overtime hours per week times 41 weeks) for the pay period March 14, 2005 through December 31, 2005.

35. In addition to the compensatory damages set forth above, Tello is entitled to the liquidated damages in the equivalent amount of compensatory damages pursuant to the FLSA, 29 U.S.C. § 216(b); and the costs of this action, including fees and costs of experts, together with interest and attorney's fees; and

36. By reason of the foregoing, each class member is entitled to:

    (a)    compensatory damages for unpaid overtime work and unpaid overtime premiums during the relevant period; and

    (b)    liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b); and

    (c)    the costs of this action, including fees and costs of experts, together with interest and attorney's fees; and

    (d)    such other and further relief as this Court deems just and equitable.

## SECOND CLAIM
### (Unpaid overtime wages in violation of New York Labor Law)

37. Tello and the class repeat and re-allege each and every allegation of paragraphs 1 through 30.

38. Delgado Travel violated N.Y. Labor Law §650, *et seq*. and 12 N.Y.C.R.R. §142-2.2, by denying wages for the total amount of hours that Tello and other class members worked per week.

39. Upon information and belief, Delgado Travel did not pay overtime compensation to Tello and other class members for the total amount of hours worked on the instructions of Hector, Linda, and Jeanette Delgado.

40. By reason of the foregoing, Tello and the class are entitled to the relief set forth in paragraphs 32-36.

## THIRD CLAIM
### (Unpaid "spread of hour" wages under New York Labor Law)

41. Tello and the class repeat and re-allege each and every allegation of paragraphs 1 through 30.

42. Pursuant to N.Y Labor Law §190, *et seq*. and 12 N.Y.C.R.R. §142-2.4 and 142-2.18, Tello and each class member are each entitled to one hour's pay at the basic minimum hourly wage rate (in addition to the minimum and overtime wages they are entitled to under N.Y. Labor Law §650, *et seq*. and 12 N.Y.C.R.R. §142-2.2) for every day they worked in which the "spread of hours" for that day exceeded ten hours.

43. During the relevant period, the minimum hourly wages required under New York law were as follows:

9

    (a)    $5.15 per hour from October 2001 to December 31, 2004, ("relevant period A")

    (b)    $6.00 per hour from January 1, 2005 to December 31, 2005, ("relevant period B") and

    (c)    $6.75 per hour after January 1, 2006 ("relevant period C").

44.    12 N.Y.C.R.R. §142-2.18 defines "spread of hours" as the interval between the beginning and the end of an employee's work day.

45.    Delgado Travel did not pay Tello and other class members for "spread of hours" wages in addition to their weekly hourly wages.

46.    Upon information and belief, Delgado Travel did not pay spread of hours wages upon the instructions of Hector, Linda, and Jeanette Delgado.

47.    As is set forth above, Delgado Travel violated N.Y. Labor Law §190, *et seq*. and 12 N.Y.C.R.R. §142-2.4 and 142-2.18, by denying Tello and other class members one hour's pay at the basic minimum hourly wage rate (in addition to the minimum and overtime wages they were entitled to under N.Y. Labor Law §650, *et seq*. and 12 N.Y.C.R.R. §142-2.2) for every day in which the spread of hours exceeded ten hours.

48.    By reason of the foregoing, Tello is entitled to:

    (a)    compensatory damages in the amount of approximately $ 4,861.60 for one-hour's wage at the minimum wage of $5.15 for each of the approximately 944 days worked during relevant period A when the spread of hours for the day exceeded ten hours; and

    (b)    compensatory damages in the amount of approximately $1,872.00 each for one-hour's wage at the minimum wage of $6.00 for each of the approximately 312 days worked during relevant period B when the spread of hours for the day exceeded ten hours; and

  (c)  liquidated damages in the amount of approximately $1,683.40 (25 percent of the $6,733.60 total unpaid spread of hours wages) pursuant to N.Y. Labor Law §198; and

  (d)  the costs of this action, including fees and costs of experts, together with interest and attorney's fees; and

  (e)  such other and further relief as this Court deems just and equitable.

49. By reason of the foregoing, each class member is entitled to:

  (a)  compensatory damages of one-hour's wage at the minimum wage for each day when the spread of hours for the day exceeded ten hours; and

  (b)  liquidated damages in the amount of 25 percent of the total unpaid spread of hours wages pursuant to N.Y. Labor Law §198; and

  (c)  the costs of this action, including fees and costs of experts, together with interest and attorney's fees; and

  (d)  such other and further relief as this Court deems just and equitable.

**Wherefore**, it is respectfully requested that this Court award the relief set forth in paragraphs 32-36, 40, 48 and 49.

October 24, 2007

                _____/s/_____
                **PETER G. EIKENBERRY**
                Attorney for plaintiffs
                74 Trinity Place, Suite 1609
                New York, New York 10006
                (212) 385-1050