UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
Miriam Tello

                     Plaintiffs,
   -against-                                  07-CV-9613

THE DELGADO TRAVEL AGENCY, INC. and CASA    **ANSWER**
DE CAMBIO DELGADO, INC.

                                                  **ECF Case**
                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Defendants Delgado Travel Agency, Inc. ("Delgado Travel") and Casa De Cambio Delgado, Inc. ("Casa De Cambio") (collectively referred to herein as "Defendants"), by their attorneys, Farrell Fritz, P.C., answer the Complaint as follows:

## FIRST CLAIM

        1.     Paragraphs 1(a) and 1(b) of the Complaint set forth legal conclusions, to which no response is required.

        2.     Admit Casa de Cambio Delgado, Inc. and Delgado Travel Agency, Inc. maintain offices in New York and are incorporated in New York, but, except as so stated, the allegations set forth in paragraph 2 of the Complaint set forth legal conclusions, to which no response is required.

        3.     Admit Casa de Cambio Delgado, Inc. and Delgado Travel Agency, Inc. are incorporated in New York, but, except as so stated, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

        4.     Admit that Delgado Travel is a travel agency with locations in the New York City Metropolitan area, but, except as so stated, deny the allegations set forth in paragraph 4 of the Complaint.

        5.     Admit that Casa de Cambio is engaged in the business of money transfer services, but, except as so stated, deny the allegations set forth in paragraph 5 of the Complaint.

6. Deny the allegations set forth in paragraph 6 of the Complaint.

7. Admit the allegations set forth in paragraph 7 of the Complaint.

8. Admit the allegations set forth in paragraph 8 of the Complaint.

9. Admit the allegations set forth in paragraph 9 of the Complaint.

10. Deny the allegations set forth in paragraph 10 of the Complaint.

11. Deny the allegations set forth in paragraph 11 of the Complaint.

12. Deny the allegations set forth in paragraph 12 of the Complaint.

13. Deny the allegations set forth in paragraph 13 of the Complaint.

14. Deny the allegations set forth in paragraph 14 of the Complaint.

15. Deny the allegations set forth in paragraph 15 of the Complaint.

16. Deny the allegations set forth in paragraph 16 of the Complaint.

17. Deny the allegations set forth in paragraph 17 of the Complaint.

18. Deny the allegations set forth in paragraph 18 of the Complaint.

19. Deny the allegations set forth in paragraph 19 of the Complaint.

20. Deny the allegations set forth in paragraphs 20(a) thru 20(f) of the Complaint.

21. Deny the allegations set forth in paragraphs 21(a) thru 21(f) of the Complaint.

22. Deny the allegations set forth in paragraph 22 of the Complaint.

23. Deny the allegations set forth in paragraphs 23(a) thru 23(f) of the Complaint.

24. Deny the allegations set forth in paragraph 24 of the Complaint.

25. Deny the allegations set forth in paragraphs 25(a) thru 25(c) of the Complaint.

26. Deny the allegations set forth in paragraph 26 of the Complaint.

27. Deny the allegations set forth in paragraph 27 of the Complaint.

28. Deny the allegations set forth in paragraph 28 of the Complaint.

29. Deny the allegations set forth in paragraph 29 of the Complaint.

30. Deny the allegations set forth in paragraph 30 of the Complaint.

31. Deny the allegations set forth in paragraph 31 of the Complaint.

32. Deny the allegations set forth in paragraphs 32(a) thru 32(f) of the Complaint.

33. Deny the allegations set forth in paragraphs 33(a) thru 32(f) of the Complaint.

34. Deny the allegations set forth in paragraphs 34(a) thru 32(f) of the Complaint.

35. Deny the allegations set forth in paragraph 35 of the Complaint.

36. Deny the allegations set forth in paragraphs 36(a) thru 36(d) of the Complaint.

37. Defendants repeat, reallege and incorporate by reference their answers to the allegations set forth in paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38. Deny the allegations set forth in paragraph 38 of the Complaint.

39. Deny the allegations set forth in paragraph 39 of the Complaint.

40. Deny the allegations set forth in paragraph 40 of the Complaint.

41. Defendants repeat, reallege and incorporate by reference their answers to the allegations set forth in paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. Deny the allegations set forth in paragraph 42 of the Complaint.

43. Denies the allegations set forth in paragraph 43 of the Complaint as such allegations consist of legal conclusions and argument to which no response is required.

44. Denies the allegations set forth in paragraph 44 of the Complaint as such allegations consist of legal conclusions and argument to which no response is required.

45. Deny the allegations set forth in paragraph 45 of the Complaint.

46. Deny the allegations set forth in paragraph 46 of the Complaint.

47. Deny the allegations set forth in paragraph 47 of the Complaint.

48. Deny the allegations set forth in paragraph 48(a) thru 48(e) of the Complaint.

49. Deny the allegations set forth in paragraph 49(a) thru 49(d) of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

50. Plaintiffs' claims are barred, in whole or in part by the applicable statute of limitations.

**SECOND AFFIRMATIVE DEFENSE**

51. Plaintiffs' claims for premium pay may not be maintained because Plaintiffs were paid wages in excess of those required under applicable regulations of the New York State Department of Labor.

**THIRD AFFIRMATIVE DEFENSE**

52. No liquidated damages should be awarded in this case because the manner in which Plaintiffs were paid by Defendants was established in good faith and based upon reasonable grounds that the pay arrangement was not in violation of the FLSA within the meaning of the Portal-to-Portal Act, 29 U.S.C. §260.

**FOURTH AFFIRMATIVE DEFENSE**

53. Plaintiffs' claims are barred, in whole or in part, because the interests asserted by Plaintiffs do not constitute protectable interests as a matter of law.

**FIFTH AFFIRMATIVE DEFENSE**

54. Plaintiffs' claims are barred, in whole or in part by the doctrines of equitable estoppel, waiver, laches and/or unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

55. Plaintiffs waived their right to recover damages for the alleged injuries, if any.

### SEVENTH AFFIRMATIVE DEFENSE

56.     Plaintiffs' claims for attorneys' fees are barred, in whole or in part because the Complaint fails to state facts sufficient to entitle Plaintiffs to an award of attorneys' fees.

### EIGHTH AFFIRMATIVE DEFENSE

57.     This action may not be maintained as a collective action under Section 16(b) of the FLSA because a class of persons similarly situated to Plaintiffs does not exist.

### NINTH AFFIRMATIVE DEFENSE

58.     Plaintiffs cannot establish or satisfy the requirements for class certification pursuant to Section 216(b) of the FLSA and, therefore, the class certification allegations of the Complaint should be stricken and dismissed.

### TENTH AFFIRMATIVE DEFENSE

59.     This action may not be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure (the "FRCP") because Plaintiffs have failed to satisfy the numerosity requirement of Rule 23(a)(1) of the FRCP.

### ELEVENTH AFFIRMATIVE DEFENSE

60.     This action may not be maintained as a class action under Rule 23 of the FRCP because individual issues predominate over common issues and the claims of the named Plaintiff are not typical of those of other putative class members.

### TWELFTH AFFIRMATIVE DEFENSE

61.     This action may not be maintained as a class action under Rule 23 of the FRCP because the named Plaintiff lacks standing to assert injury as a result of Defendants' alleged actions.

**WHEREFORE**, Defendants Casa De Cambio Delgado, Inc., Delgado Travel Agency, Inc., Delgado & Delgado Travel Corp., Hector Delgado, Jeanette Delgado-Savino, and Linda Delgado respectfully demand judgment in their favor and against Plaintiffs as follows:

(i) dismissing the Complaint with prejudice and denying each and every request for relief set forth therein; and

(ii) awarding Defendants such further relief as the Court deems just, equitable and proper, together with costs, disbursements, attorneys' fees, if appropriate.

Dated: Uniondale, New York
February 5, 2008

Respectfully submitted,

FARRELL FRITZ, P.C.

By: /s/
Domenique Camacho Moran
1320 Reckson Plaza
Uniondale, New York 11556-0120
(516) 227-0700

*Attorneys for Defendants Casa De Cambio Delgado, Inc., Delgado Travel Agency, Inc., Delgado & Delgado Travel Corp., Hector Delgado, Jeanette Delgado-Savino, and Linda Delgado*

TO: Peter G. Eikenberry, Esq.
74 Trinity Place, Suite 1609
New York, New York 10006

FFDOCS1\787412.01